UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Douglas Harney, | No. C 09-3800 JL |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| San Francisco Police Department, et al., | |
| Defendants. | |

**I.     Plaintiff's Application to file in forma pauperis ("IFP").**

**A.     General requirements to file IFP**

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a).  In the alternative, "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a).  The court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Id. at § 1915(d). This allows the court to review prior to service all claims brought pursuant to section 1915(d) and dismiss those claims that are frivolous or malicious.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1732-33 (1992).

**1.     Plaintiff satisfies the indigence prong of §1915.**

Plaintiff in his application states that he receives no income other than government benefits from an unspecified source in the amount of $850 per month. His monthly expenses are $450 for food, $250 for rent and "1/5" for utilities. This may mean that he is sharing this expense with roommates. He owns a 1985 Kawasaki motorcycle.

The Court finds that initially, Plaintiff appears to be indigent. Therefore the Court continues to the rest of the analysis of his application under §1915.

### B. Is Plaintiff's Claim Frivolous?

Once a claim is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. §1915(e)(2); see also *Franklin v. Murphy,* 745 F.2d 1221, 1226-27 (9th Cir. 1984).

#### 1. Legal frivolousness

Dismissal for frivolousness prior to service under section 1915 (d) is appropriate where no legal interest is implicated, i.e. where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (per curiam).

A complaint filed IFP is not frivolous within the meaning of section 1915(d) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6)'s failure-to-state-a-claim standard-- which is designed to streamline litigation by dispensing with needless discovery and fact-finding--a court may dismiss a claim based on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one, whereas under section 1915(d)'s frivolousness standard--which is intended to discourage baseless lawsuits--dismissal is proper only if the legal theory or factual contentions lack an arguable basis. *Neitzke, Id.* at 324-28. Allowing courts to dismiss claims filed IFP for failure to state a claim sua sponte would deny indigent plaintiffs the practical protections of Rule 12(b)(6) – notice of a pending motion to dismiss

and an equal opportunity to amend the complaint before the motion is ruled on. *Id.* at 329-30. Legal frivolity in the section 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6), with the understanding that not all unsuccessful claims are frivolous. *Id.* at 329.

### 2. Factual frivolousness

While the facts alleged in a complaint should generally be accepted as true for purposes of entering a judgment on the pleadings, clearly baseless factual contentions may be dismissed as frivolous under section 1915. *Denton v. Hernandez, supra*, 504 U.S. at 32. Section 1915(d) also accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.,* quoting *Nietzke v. Williams,* 490 U.S. at 327. Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. But, this initial assessment of the IFP plaintiff's factual allegations must be weighted in favor of the plaintiff. A frivolousness determination cannot serve as a fact-finding process for the resolution of disputed facts. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. Id. But the complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. *Denton*, 504 U.S. at 26.

The Court finds that Plaintiff's claim is neither legally nor factually frivolous, and could possibly be cured by amendment, as discussed below. He may not have stated a claim for which relief may be granted, but that would be a determination under the pleading standard of Rule 8 and Rule 12(b)(6), requiring the Court to give him an opportunity to amend his complaint. He may also not be reporting what really happened, but merely his perception, if so, an opportunity to amend may cure this defect, as the Court may require

him to describe the events and the players of that fateful afternoon with greater clarity and particularity.

**II.  Plaintiff's complaint fails to allege a basis for a duty of care owed him by Defendants.**

**A.  The events of July 5, 2008**

Plaintiff describes an initially peaceful Saturday afternoon which turned violent. He was relaxing among a crowd of approximately 350 people, in his "own little space, enjoying the peaceful surroundings having brought my boom box with me and was in no means creating and or disturbing any one with the music of 38 Special." He was reading a copy of the *Advertiser* when a drunken stranger approached him aggressively and said, "Hey you, get the fucking hell out of the park, now!" He says that he "rose up" and calmly said,

> "Look, buddy, you don't go around telling people you don't know to leave the park especially an asshole like me because I live in San Francisco, understand, apparently he became offended as he made a violent act of aggression moving toward me in as if he was going to strike, naturally I could see the person wasn't normal like the majority of other people that sit in circles around the park, park cliques, so I defended myself using a simple wrestling take down hold not wanting to hurt or inflict any harm I had him in a full nelson hold and told knock your shit off and calm down, after a few moments I let him up and he went up to the high area of hippie hill, as I picked up my boom box what was left of it and preceded (sic) to the pathway going home . . ."

He says all 350 people in the area were observing the altercation, "even park vice and police." Suddenly some "lanky homeless derelict scraggy brown haired person" jumped him from behind. He shook off this attacker and continued walking, along a path past two people "I assumed to be park police officers," when an elderly woman said to him "Young man, do you know you're bleeding?" Plaintiff expresses amazement that he had walked past a "white undercover car as well as those undercover and park employees without one mention do you need help or hey! Your bleeding or was there any assistance by park or other police involved." He walked home, got on his motorcycle and drove himself to San Francisco General Hospital, where he was treated for three stab wounds.

**B.  Plaintiff filed this lawsuit**

He complains that the police violated his rights by not noticing that he was bleeding or, presumably, coming to his aid. He filed his complaint against the San Francisco Police

Department, the San Francisco Police Commission, and a number of individuals who are not identified other than by name. None of them are identified anywhere in his narrative of the events of July 5, 2008. He requests relief in the amount of $840 billion, "based on the police involvement and lack of police and other agencies ability to respond for the aide of an American citizen enjoying and minding his own business, the consequences as severe as should the error of liability, almost lost of life."

### B. Application of the law to this case requires dismissal with leave to amend.

Plaintiff alleges that individuals whom he identified as either undercover police officers with the San Francisco Police Department or as "park police," but who are unidentified in his complaint, failed to intervene when he was stabbed by a stranger as he was walking away from Hippie Hill in Golden Gate Park after an earlier attack by another stranger. He also complains that others, whom he also identified as undercover police, also failed to do anything as he walked down the street after fending off the second attacker. He claims that he almost lost his life due to these individuals' unprofessional behavior.

A complaint may be dismissed where it fails to state a claim for which relief may be granted. In this case, Plaintiff complains that people he believes were police officers failed to either observe that he was being attacked or to help him after the attack, this latter despite the fact that he himself did not realize that he was injured and he doesn't claim to have asked anyone for help. He just walked home, got on his motorcycle and drove himself to San Francisco General Hospital. Even if the people he identified were police officers, even if they had observed the attack, and even if they had realized that he was injured, none of which is reasonably alleged, they may not have had a duty to protect him.

Section 845 of the Government Code relates to the matter of liability with respect to police protection and is as follows: 'Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service. The Law Revision Commission Comment with respect to section 845 is as follows:

> 'This section grants a general immunity for failure to provide police protection or for failure to provide enough police protection. Whether police protection should be provided at all, and the extent to which it should be provided, are political decisions which are committed to the policy-making officials of government. To permit review of these decisions by judges and juries would remove the ultimate decision-making authority from those politically responsible for making the decisions.'

*Susman v. City of Los Angeles* 269 Cal.App.2d 803, 810 (1969); see also *Lopez v. Southern Cal. Rapid Transit Dist.,* 40 Cal.3d 780, 795, 710 P.2d 907, 91, 221 Cal.Rptr. 840 (1985)("[t]o state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity.") *Id.* at 850 (internal citations omitted)

Although the court may dismiss an action prior to service under section 1915(d), if amendment can possibly cure the deficiency the complaint must be dismissed with leave to amend and plaintiff's request to proceed IFP kept under submission pending amendment. A pro se litigant's pleadings should be liberally construed, and the litigant should be given leave to amend with instructions as to curing the deficiency unless the defects cannot be cured by amendment. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). An order dismissing the complaint (but not the action) with leave to amend is not an appealable order, so the court should monitor a plaintiff's failure to amend the complaint in order to dismiss with prejudice or enter judgment. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). When dismissing with leave to amend, the court must explain to plaintiff what deficiencies exist and how to cure them. *Elridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**II.     Conclusion and Order**

In this case, Plaintiff fails to state with particularity what statute provides the basis for his cause of action and what specific facts create a duty of care toward him by Defendants under that statute and which facts support his contention that Defendants violated that duty of care. Plaintiff shall identify how the specific Defendants named in his complaint both owed him a duty of care and violated that duty.

Accordingly, Plaintiff's complaint is dismissed with leave to amend, as provided above, and his IFP application is taken under submission pending amendment.

Plaintiff shall file his amended complaint within thirty days of the issuance of this order. If he fails to file an adequate amended complaint, his case shall be dismissed with prejudice.

The Case Management Conference scheduled for November 25, 2009 is hereby vacated.

IT IS SO ORDERED.

DATED: November 17, 2009

_____
James Larson
United States Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\09-3800DISMISSAL WITH LEAVE TO AMEND.wpd