United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Mathew Douglas Harney,

Plaintiff,

v.

San Francisco Police Department, et al.,

Defendants.

_________________________________/

No. C 09-3800 JL

**DISMISSAL WITH PREJUDICE**

Plaintiff consented to this Court's jurisdiction under 28 U.S.C. §636(c). On November 17 the Court took his application to file in forma pauperis ("IFP") under submission and granted Plaintiff thirty days to file his amended complaint. He filed it on December 7, 2009, and then filed an additional pleading, a medical report, on December 29. The Court finds that neither of these documents adequately address the deficiencies of his complaint. Accordingly, the Court dismisses the complaint with prejudice.

**I. Plaintiff's amended complaint also fails to allege a basis for a duty of care owed him by Defendants.**

**A. The events of July 5, 2008**

Plaintiff describes an initially peaceful Saturday afternoon which turned violent. He was relaxing among a crowd of approximately 350 people, in his "own little space, enjoying the peaceful surroundings having brought my boom box with me and was in no means creating and or disturbing any one with the music of 38 Special." He was reading a copy of the *Advertiser* when a drunken stranger approached him aggressively and said, "Hey you,

get the fucking hell out of the park, now!" He says that he "rose up" and calmly said,

> "Look, buddy, you don't go around telling people you don't know to leave the park especially an asshole like me because I live in San Francisco, understand, apparently he became offended as he made a violent act of aggression moving toward me in as if he was going to strike, naturally I could see the person wasn't normal like the majority of other people that sit in circles around the park, park cliques, so I defended myself using a simple wrestling take down hold not wanting to hurt or inflict any harm I had him in a full nelson hold and told knock your shit off and calm down, after a few moments I let him up and he went up to the high area of hippie hill, as I picked up my boom box what was left of it and preceded (sic) to the pathway going home . . ."

(Complaint at 3 and 5 - intervening unrelated page)

He says all 350 people in the area were observing the altercation, "even park vice and police." Suddenly some "lanky homeless derelict scraggy brown haired person" jumped him from behind. He shook off this attacker and continued walking, along a path past two people "I assumed to be park police officers," when an elderly woman said to him "Young man, do you know you're bleeding?" Plaintiff expresses amazement that he had walked past a "white undercover car as well as those undercover and park employees without one mention do you need help or hey! Your bleeding or was there any assistance by park or other police involved." He walked home, got on his motorcycle and drove himself to San Francisco General Hospital, where he was treated for three stab wounds. (*Id.*)

**B. Plaintiff filed this lawsuit**

He contends that the police violated his rights by not noticing that he was bleeding or, presumably, coming to his aid. He filed his complaint against the San Francisco Police Department, the San Francisco Police Commission, and a number of individuals who are not identified other than by name. None of them are identified anywhere in his narrative of the events of July 5, 2008. He requests relief in the amount of $840 billion, "based on the police involvement and lack of police and other agencies ability to respond for the aide of an American citizen enjoying and minding his own business, the consequences as severe as should the error of liability, almost lost of life." (Complaint at 5-6)

**C. Application of the law to the Complaint required dismissal with leave to amend.**

Plaintiff alleges that individuals whom he identified as either undercover police

United States District Court
For the Northern District of California

officers with the San Francisco Police Department or as “park police,” but who are unidentified in his complaint, failed to intervene when he was stabbed by a stranger as he was walking away from Hippie Hill in Golden Gate Park after an earlier attack by another stranger. He also complains that others, whom he also identified as undercover police, also failed to do anything as he walked down the street after fending off the second attacker. He claims that he almost lost his life due to these individuals’ unprofessional behavior.

A complaint may be dismissed where it fails to state a claim for which relief may be granted. In this case, Plaintiff complains that people he believes were police officers failed to either observe that he was being attacked or to help him after the attack, this latter despite the fact that he himself did not realize that he was injured and he doesn’t claim to have asked anyone for help. He just walked home, got on his motorcycle and drove himself to San Francisco General Hospital. Even if the people he identified were police officers, even if they had observed the attack, and even if they had realized that he was injured, none of which is reasonably alleged, they may not have had a duty to protect him.

Section 845 of the Government Code relates to the matter of liability with respect to police protection as follows: ‘Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service. The Law Revision Commission Comment with respect to section 845 provides:

> ‘This section grants a general immunity for failure to provide police protection or for failure to provide enough police protection. Whether police protection should be provided at all, and the extent to which it should be provided, are political decisions which are committed to the policy-making officials of government. To permit review of these decisions by judges and juries would remove the ultimate decision-making authority from those politically responsible for making the decisions.’

*Susman v. City of Los Angeles* 269 Cal.App.2d 803, 810 (1969); see also Lopez v. Southern Cal. Rapid Transit Dist., 40 Cal.3d 780, 795, 710 P.2d 907, 91, 221 Cal.Rptr. 840 (1985)("[t]o state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity.") *Id.* at 850 (internal citations omitted)

Although the court may dismiss an action prior to service under section 1915(d), if amendment can possibly cure the deficiency the complaint must be dismissed with leave to amend and plaintiff's request to proceed IFP kept under submission pending amendment. A pro se litigant's pleadings should be liberally construed, and the litigant should be given leave to amend with instructions as to curing the deficiency unless the defects cannot be cured by amendment. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

The Court in its order of dismissal with leave to amend advised Plaintiff how to amend his Complaint to cure its defects:

> In this case, Plaintiff in both his initial complaint and his amended complaint fails to state with particularity what statute provides the basis for his cause of action and what specific facts create a duty of care toward him by Defendants under that statute and which facts support his contention that Defendants violated that duty of care. Plaintiff failed to identify how the specific Defendants named in his complaint both owed him a duty of care and violated that duty.

**D. Plaintiff's amended complaint is also deficient.**

Plaintiff's amended complaint is merely a recital of portions of his Complaint, with no new material, either legal or factual, to support his claims. The medical report likewise offers nothing responsive to the Court's order granting leave to amend. Accordingly, the Court hereby dismisses Plaintiff's Complaint with prejudice.

The Clerk shall close the file.

DATED: January 29, 2010

James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-3800\DISMISSAL WITH PREJUDICE.wpd